## !ATKINS v. BEST.

WILLS; DEVISES; CONSTRUCTION; EXTRINSIC EVIDENCE; INTENTION OF TESTATOR.

1. Evidence of such extrinsic circumstances as a testator's relation to persons, or the amount, character, and conditions of his estate, is sometimes admissible to explain ambiguities of description in his will, but never to determine the construction or extent of the devises therein contained. (Following *McAleer* v. *Schneider,* 2 App. D. C. 461, 467.)

2. The fact that a will has been drawn by the testatrix, who was evidently an unskilled person, may be given limited weight in construing such will.

3. Although it is a general rule, that, where a devise contains no words of limitation or description of the extent of the estate passed, the devisee takes for life only, in the absence of a contrary intention expressed in the will, yet the tendency of the modern decisions is to search the entire will closely for indications of such an intention.

4. Where, from the construction of the whole will, it appears that a testatrix intended to dispose of her whole property; and where there is a devise to her mother of certain land without words of limitation, and a devise of other land to her mother, "during her life,"—the inference is strong that the devise of the first-named property was intended to be in fee; and the will should be so construed.

No. 1587.    Submitted February 8, 1906.    Decided March 6, 1906.

HEARING on an appeal by the complainants from a decree of the Supreme Court of the District of Columbia, construing a will.                                    *Affirmed.*

The COURT in the opinion stated the facts as follows:

The bill in this case was filed in the names of Katherine and Leicester B. Atkins, children and heirs at law of Kate Best Atkins, by their next friend, Joseph L. Atkins.

The defendant is Mary Best, the mother of said Kate Best Atkins, who, it is alleged, took an estate for life in the premises described under the will of said Kate Best Atkins.

It is further alleged that the said premises (a house and lot in the city of Washington) are subject to a deed of trust previously executed by said Kate Best Atkins to secure the sum of $3,000; that defendant has failed to pay the interest accruing, due thereon, and that complainants' next friend and guardian has been compelled to pay the same to prevent a sale under the terms of said trust; that it is the legal duty of defendant, as life tenant, to pay the taxes accruing, due on said property; that she has failed to pay the same, and the said property has been sold for taxes for the years 1903 and 1904; that complainants have been compelled by the terms of the trust aforesaid to redeem the said property from said sale to prevent a foreclosure; that it is the purpose of said defendant not to pay the interest accruing upon said trust debt, or the taxes on the said property as they shall hereafter become due. It is further alleged that, by the payments they have been compelled to make of interest and taxes, they have a charge upon the life interest of defendant, and that, if the cloud upon their title to the reversion of said estate were removed, they could raise the money to pay off said trust lien, etc.

The prayers are, that the will under which defendant claims may be construed, and her right in said premises be declared to be an estate for life only, and that a receiver may be appointed to take possession of said property and to apply the rentals thereof to the repayment of interest and taxes advanced by the complainants, and to the payment of future interest and taxes until the defendant shall otherwise provide for the payment thereof.

The will, under which the defendant claims and which is to be construed, reads as follows:

*Last Will and Testament of Kate Best Atkins, Made This Day, May Twenty-third, Eighteen Hundred and Ninety-four A. D.*

I will and bequeath to my mother, Mary Best, now of Washington, District of Columbia, one lot and parcel of ground in Mt. Pleasant, Washington city, District of Columbia, situate on what is now called Seventeenth street extended, bounded on the north by Mrs. Rose Icker's property, on south by terrace on which residence of Kate Best Atkins stands, east by said Seventeenth street extended, and west by residence. I will and bequeath the income from my Salona, Pennsylvania, farm to my mother, Mary Best, during her life.

I will and bequeath my solitaire diamond pin to my mother, Mary Best.

I will and bequeath to my dear children, Katherine B. and Leicester B. Atkins, the farm at Salona, Clinton county, in the State of Pennsylvania.

I will and bequeath our home, 3202 Seventeenth street, Mt. Pleasant, District of Columbia, to my husband, Joseph L. Atkins, and my dear children, Katherine B. and Leicester B. Atkins, my mother, Mary Best, to live with my husband and children during life, if all is mutually agreeable.

My piano I will to the child who shows something of a musical ability. I will to my daughter, Katherine B. Atkins, my diamond pendant and diamond guard ring. To my son, Leicester B. Atkins, my diamond engagement ring and my little horseshoe ring; to my husband my diamond and sapphire ring and the use of my silver marked with "K. B. A.," so long as he wants to use it, then to be divided between my children. Jewelry not already mentioned to be divided between my dear children.

Lands not before mentioned in Pennsylvania I will and bequeath to my husband and children.

To my mother one suit of bedroom furniture in place of hers that was sold.

My hand-painted china and pictures to be divided between my four heirs.

My beautifully decorated vases I will to my husband.

Signed and sealed before these witnesses, this twenty-fifth of May, eighteen hundred and ninety-four, A. D.

(Signed)                    Kate Best Atkins.    [Seal.]

Witnesses:

Christian B. Dickey,         [Seal.]
Frank L. Dickey,            *[Seal.]
W. J. Bowman.               [Seal.]

In her answer defendant claims that she took title in fee to the premises described under the will of Kate Best Atkins. She admits the existence of the trust as alleged, and avers that she paid interest thereon and taxes until the complainants, through their father and next friend, set up the claim that she was entitled to a life estate only therein.    She also alleges that she was the mother of the testatrix, and that under the will of Abraham H. Best, the grandfather of testatrix, defendant was entitled to reside during life upon certain property in Pennsylvania, devised by said testator to said Kate Best Atkins, and that by said will she took in fee a half interest in the farm in Salona, Pennsylvania.    That by the persuasion of Joseph L. Atkins, the husband of her daughter Kate Best Atkins, she consented to the sale of said home, and made her home with him upon his removal to the city of Washington.    That said Kate Best Atkins wrote her will without legal advice or assistance, and submitted the same to her, and said that she had given her the premises devised to her in lieu of her surrender of her interest in the Pennsylvania home.    That she advanced sums of money at various times to the testatrix.    That the premises in question are not worth more than $6,000 or $7,000, and could not be rented for anything for want of necessary improvement. She also avers that the farm mentioned in the will is the same devised to her and to testatrix by said Abraham H. Best, a copy of those will is attached to her answer.

The cause was submitted upon the bill and answer, and the court, construing the said will of Kate Best Atkins as vesting

a fee-simple estate in the defendant, entered a decree to that effect, from which complainants have appealed.

*Mr. Arthur A. Birney* and *Mr. George E. Tralles* for the appellants.

*Mr. R. Golden Donaldson, Mr. B. W. Parker,* and *Mr. C. A. Barnard* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court.

1. We are of the opinion tthat the extrinsic circumstances relied on in the defendant's answer, which consist of the recital of the interests in certain lands vested in her by the will of Abraham H. Best, of the transactions between her and Kate Best Atkins and husband concerning the sale of certain of those interests at their request and for their advantage, of the advances of money to the testatrix, and of the submission of the draft of Kate Best Atkin's will to defendant for her approval, before its execution, cannot be considered as aids in the construction of the last-named will under which the defendant claims an estate in fee in the lands in controversy.

Evidence of such extrinsic circumstances as the testator's relation to persons, or the amount, character, and conditions of his estate, is sometimes admissible to explain ambiguities of description in his will, but never to determine the construction or the extent of the devises therein contained. *King* v. *Ackerman,* 2 Black, 408, 418, 17 L. ed. 292, 298; *Barber* v. *Pittsburg, Ft. W. & C. R. Co.* 166 U. S. 83, 109, 41 L. ed. 925, 936, 17 Sup. Ct. Rep. 488; *McAleer* v. *Schneider,* 2 App. D. C. 461, 467.

The circumstance, however, that the will to be construed was drawn by the testatrix, evidently an unskilled person, may be given limited weight in view of what has been said by the Supreme Court of the United States in respect of the rigid adherence to precedents, and the strict application of rules of con-

struction to wills where a testator, unlearned in the law, has acted as his own scrivener. *Abbott* v. *Essex Co.* 18 How. 202, 213, 15 L. ed. 352, 355; *McCaffrey* v. *Manogue,* 196 U. S. 563, 571, 49 L. ed. 600, 603, 25 Sup. Ct. Rep. 319.

2. The ancient rule prevailed in the District of Columbia when this will took effect, that, where a devise contains no words of limitation or description of the extent of the estate passed, the devisee takes for life only, unless from an examination of the language of the entire will it shall appear with reasonable certainty that the real intention of the testator was to create a greater estate. *Wright* v. *Denn,* 10 Wheat. 204, 227, 6 L. ed. 303, 309; *McAleer* v. *Schneider, supra.*

This rule reflected the policy of the English law, which favored the heir, and would not suffer him to be disinherited save upon the plain expression of that intention by unmistakably conferring the whole of the estate upon another. The policy of the law has undergone a change in this country, at least, and we have arrived at a time "when the rights of heirs are not so insistent, and the rule in their favor lingers, where it lingers at all, almost an anachronism; when ownership of real property is usually in fee, and when men's thoughts and speech and dealings are with the fee." *McCaffrey* v. *Manogue, supra.* Consequently, and for the reason that the real intentions of testators, who commonly act as their own scrivenors, are believed to have been very often thwarted by the strict application of this artificial rule, the tendency of the latest decisions, in those jurisdictions where the rule has not been abolished by statute, seems to be to search the entire will closely for the sufficient indication of an intention that will rescue it from its operation.

The present will, both in the particular devise and in its general terms, bears resemblance to that recently construed by the Supreme Court of the United States, and held to pass an estate in fee, in the case of *McCaffrey* v. *Manogue, supra.*

As we have seen, the will was drawn by the testatrix herself without legal advice or assistance. As in the will construed in *McCaffrey* v. *Manogue,* the testatrix evidently intended to dis-

pose of her entire estate, for while there is no introductory clause expressing that intention, there is no residuary clause indicating that less was intended to be passed; her two heirs at law are named among her devisees and legatees.   Each special devise is without words of limitation, but the immediately succeeding and last sentence of the paragraph devising the land in controversy to the appellee, gives her the income of the Salona (Pennsylvania) farm "during her life." This is a strong circumstance, indicating that her intention was to create the greater estate in the former.   Then, immediately thereafter, the testatrix devises the Salona farm to her two children in general terms, with no words of limitation whatever, and without mention of the life estate therein previously devised to the appellee.   It seems evident that she intended them to take the remainder thereof in fee.   See cases cited in *Young* v. *Norris Peters Co. ante,* 140.   Tested by the doctrine enounced in *McCaffrey* v. *Manogue, supra,* our conclusion is that the testatrix intended to pass the fee of the property in controversy to the appellee. The decree to that effect was right, and will therefore be affirmed, with costs, but without prejudice to the assertion hereafter, on the part of the appellants, of their right to recover such sums as they may have advanced in payment of proper charges against the said estate.   It is so ordered.                    *Affirmed.*