## ASSOCIATION OF SURVIVORS OF SEVENTH GEORGIA REGIMENT v. LARNER et al. *

(Court of Appeals of District of Columbia. Submitted December 8, 1924. Decided January 5, 1925.)

No. 4128.

1. Wills ⬿108—Void where statutory requirements have not been complied with.

A will is void, where formalities of execution, prescribed by Code, § 1626, have not been complied with.

2. Wills ⬿488—Construed according to terms, without aid from extrinsic evidence, unless terms are ambiguous.

Will should be interpreted according to its terms, notwithstanding motives by which testator was actuated, and extrinsic evidence is not admissible, unless terms are ambiguous.

3. Wills ⬿489(2), 514—Bequest held to association popularly known by name given.

Bequest to "the Seventh Georgia Regiment of Savannah, Georgia," with "Savannah" deleted, held bequest to association popularly known as the "Seventh Georgia Regiment of Georgia," though it was not a Savannah institution, and even if extrinsic evidence showed that testatrix intended all bequests to go to Savannah institutions, since such extrinsic evidence, in view of unambiguous terms of will, could not be considered.

4. Wills ⬿489(1)—Rule as to admissibility of extrinsic evidence in construction of will stated.

Extrinsic evidence is admissible, where there are two persons or things that equally well answer name or description contained in will, and where will contains actual misdescription of object or subject, and real intent of testator is made to appear from other provisions of will.

Appeal from the Supreme Court of the District of Columbia.

Suit between the Association of Survivors of the Seventh Georgia Regiment and John B. Larner, trustee under the last will and testament of Maria F. McCalla, deceased, and others. From the decree rendered, the former appeals. Reversed and remanded, with directions.

J. S. Barbour, of Washington, D. C., for appellant.

L. H. Boggs and Arthur Peter, both of Washington, D. C., and A. R. Lawton, Jr., of Savannah, Ga., for appellees.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and HATFIELD, Judge of the United States Court of Customs Appeals.

*Motion to recall mandate and modify opinion denied June 1, 1925.

ROBB, Associate Justice. Appeal from a decree in the Supreme Court of the District of Columbia, construing a provision in the fourth paragraph of the will of Maria F. McCalla, late of the District of Columbia, the will bearing date of September 1, 1905. This paragraph of the will gives the residue of the estate to the appellee John B. Larner—

"in trust to sell and reduce my entire estate to cash as soon after my decease as practicable without sacrifice and to divide the same, together with the proceeds of sale of the property in Savannah, Georgia, known as trust lot lettered 'A,' the title to which is now held by the said John B. Larner, trustee, to be sold and the proceeds thereof disposed of in accordance with such directions as I might by my last will and testament order or direct, after paying all expenses incidental to the execution of this trust, including compensation to the trustee as hereinafter provided, into five (5) equal parts, and to pay:

"One-fifth (⅕) thereof unto the Union Society of Savannah, Georgia (an orphans' home);

"One-fifth (⅕) to the Georgia Infirmary (a hospital for negroes) of Savannah, Georgia;

"One-fifth (⅕) to the Savannah Hospital;

"One-fifth (⅕) to the Savannah Guards, and

"One-fifth (⅕) to the Seventh Georgia Regiment of (Savannah) Georgia.

"M. F. McC."

The word "Savannah," in the fifth item of this paragraph, was canceled before the will was executed, and the testatrix initialed the deletion.

On April 10, 1912, the testatrix executed a codicil, in which she ratified and confirmed her will "in every particular after a careful reading and examination thereof." In this codicil she stated that almost all her estate came from her cousin, Julia E. Bain, and that there was an oral understanding between her and Mrs. Bain that testatrix should dispose of what remained at her death "in the manner that I have done by my will of September 1st, 1905; and in making the said disposition of my estate I have acted in strict accordance with the terms of the gift from my said cousin, to whom I gave my promise at the time of the execution of her will."

The court below held that the words "Seventh Georgia Regiment of Georgia" did not designate the appellant, but did designate

a Georgia corporation known as the First Volunteer Regiment of Georgia.

Over the objection and exception of appellant, the court admitted evidence to the following effect:

Mrs. Bain, from whom testatrix derived this property, for many years resided in the District of Columbia. In her youth, however, she may have lived in Georgia, where the property was located. Mr. Larner, who represented Miss McCalla and drew her will, stated that both Mrs. Bain and Miss McCalla "had very strong ties in the South and were constantly talking about their interest and their feelings in that direction, though Miss McCalla was not born in the South." Mr. Larner settled Mrs. Bain's estate. She had made a will in favor of Miss McCalla, upon the distinct understanding that Miss McCalla should give what was left at her death "to certain interests in the South." In the spring of 1905 Miss McCalla and Mr. Larner were in Savannah, and Miss McCalla executed a deed conveying her property to him in trust for disposition by him as she should direct in her will. Mr. Cunningham, a Savannah lawyer, prepared the deed. Mr. Larner and Miss McCalla conferred with him at his office "as to what institutions in Savannah should receive the proceeds of this property, * * * and he named over a number of institutions in Savannah that he thought would be proper for her to use in her will, and he told her about them and she approved them, and my present recollection—I cannot be absolutely certain about it—but I think my recollection would be this: That Mr. Cunningham said that he would have to get the legal titles or names of these various organizations, and he would send them to us later. Now, my recollection is that he did send such a list, and from that list I made up the names of these beneficiaries and put them in the will— you will see by an examination of the will there—I have them all one after the other, and the last one is this Seventh Regiment of Georgia, of Savannah, Ga. It was evidently written in the first will—now my recollection is that, upon examining the paper more carefully that had been sent by Mr. Cunningham, I noticed that the word 'Savannah' was not in the corporate title of that organization, and rather than to rewrite the whole will, I simply deleted the word 'Savannah,' or had her draw her pen through it, and had her put her initials by the side of it, to indicate that it was done wtih her knowledge and consent."

Mr. Larner had not been able to find the paper referred to, and a search in the office of Mr. Cunningham, who had since deceased, failed to disclose a copy of the same. There was no evidence tending to show that Miss McCalla ever mentioned the First Volunteer Regiment of Georgia, or that she even knew of its existence.

It is conceded that the Seventh Georgia Regiment was one of the most famous regiments in the Confederate Army during the Civil War, it having taken part in every important engagement in which the Army of Northern Virginia participated from first Manassas to Appomatox. It lost over 500 officers and men during this time, and in an article appearing in the Atlanta Constitution on July 2, 1885, was described as "one of the most famous regiments in the Confederate service, and has figured conspicuously in the literature of the war, especially in the many stories that have been written about the battle of Manassas." On the anniversary of the first battle of Manassas, July 21, 1885, the survivors of this regiment met at Atlanta, Ga., and formed a "permanent association" of survivors. This association has since continued and has held annual reunions. The newspapers of Washington, D. C., referred to these reunions as of the "Seventh Georgia Regiment," or of the "Survivors of the Seventh Georgia Regiment." The evidence leaves no room for doubt that this association, although composed merely of the survivors of the Seventh Georgia Regiment, was widely and popularly known as the "Seventh Georgia Regiment," and that from the time of its organization in 1885 no other association was known by that name.

In the opinion filed in this case the learned trial justice said: "Beyond the words of the will, not a single circumstance has been proved to indicate that the Association of Survivors of the Seventh Georgia Regiment is named in the will." The court further said: "If it is a sound conclusion that the declarations of the testatrix are admissible, then, considering the words of the will, the codicil, her promise testified to by Mr. Larner, and the other circumstances established by the evidence, it can be said beyond a reasonable doubt that she was speaking of a Savannah institution, and, there being but one institution in Savannah to which the words of the will can apply, namely, the First Volunteer Regiment of Georgia, it must be decided that that corporation is the legatee named."

[1, 2] The District Code (section 1626) requires all wills to be in writing, signed by the testator or some person in his presence by his express direction, and attested and subscribed in his presence by at least two credible witnesses. This is a wise declaration of public policy. It recognizes the right of the owner of property to dispose of it by will, and its undoubted purpose is to insure correctness and guard against mistake and imposition. Unless the formalities prescribed are complied with, the instrument is void. Tucker and Others, Executors, v. Seaman's Aid Society and Others, 7 Metc. (48 Mass.) 188, 204. The instrument speaks when the voice of the testator is stilled by death. A will conforming to the requirements of the statute, therefore, should be interpreted according to its terms, and, unless those terms are ambiguous, no speculation based upon extrinsic evidence should be indulged. In the absence of fraud or undue influence, it will be assumed that the disposition actually made by the testator represented his intentions. With the motives underlying a particular bequest the court has nothing to do. Its function, and sole function, is to give effect to the expressed intent of the testator. Adams v. Cowen, 177 U. S. 471, 20 S. Ct. 668, 44 L. Ed. 851; Young Women's Christian Home v. French, 187 U. S. 401, 417, 23 S. Ct. 184, 47 L. Ed. 233.

[3] In our view, the bequest under consideration is free from ambiguity. While the four preceding items relate to Savannah institutions, the fifth is not so limited. It is plainly "to the Seventh Georgia Regiment of Georgia." There then was and still is such an association, widely and popularly known by that name. It must be assumed that the testatrix, in deleting the word "Savannah," intended to accomplish what she in law did accomplish, the removal of one limitation as to the habitat of this particular beneficiary. It must also be assumed that, had she intended to restrict this bequest to a Savannah institution, she would have said so; that is, that she would not have deleted from the bequest the only word calculated to impose such a limitation. But that is not all. Almost seven years thereafter she executed a codicil, ratifying and confirming the provisions of her will "in every particular after a careful reading and examination thereof." Reading the will as a whole, there is nothing to raise a doubt as to the intent of the testatrix, and to permit the introduction of extrinsic evidence as to that intent would be for the court to make a new will.

[4] While no rule of universal application has been formulated, the authorities leave no room for doubt that certain conditions must be present to warrant the introduction of extrinsic evidence; and in all cases in which such evidence has been received it was utilized only for the purpose of interpreting something actually written in the will and never to add provisions to the will. For example, ambiguity may arise when a will names a person as the object of a gift, or a thing as the subject of it, and there are two persons or things that equally well answer such name or description. In such a case, it is apparent that extrinsic evidence is not only useful, but indispensable, to a proper interpretation of the will. Where, also, a will contains an actual misdescription of an object or subject, and from other provisions of the will the real intent of the testator is made to appear, the introduction of extrinsic evidence in such a case merely aids the court in harmonizing all the provisions of the will. See Weatherhead's Lessee v. Baskerville et al., 11 How. (52 U. S.) 329, 13 L. Ed. 717; Patch v. White, 117 U. S. 210, 6 S. Ct. 617, 710, 29 L. Ed. 860; Allen's Executors v. Allen, 18 How. (59 U. S.) 385, 15 L. Ed. 396; Tucker and Others, Executors, v. Seaman's Aid Society and Others, 7 Metc. (48 Mass.) 188; Lomax v. Lomax, 218 Ill. 629, 75 N. E. 1076, 6 L. R. A. (N. S.) 942; Fries v. Osborn, 190 N. Y. 35, 39, 82 N. E. 716, 19 L. R. A. (N. S.) 457.

The court below cites Kingman v. New Bedford Home for Aged, 237 Mass. 323, 129 N. E. 449, but we find nothing in that case inconsistent with our conclusion here. The testator there, in 1859 and at the age of 14, went from New Bedford, Mass., to St. Louis, Mo., where he died in 1915, leaving a will executed in 1914, in which he placed certain property in trust "for the use and benefit of the New Bedford Home for Aged People, or, if there be no such home, then to such charities in the city of New Bedford as the * * * trustees * * * may select." Two corporations claimed the bequest. The name of neither institution corresponded to that given in the will, and the court received extrinsic evidence.

But the extrinsic evidence offered here, though received, would lead to the same conclusion. There is no evidence that the testatrix ever lived in Savannah, or that she ever mentioned the First Volunteer Regi-

ment of Georgia. Mr. Larner testified that Mr. Cunningham, in response to a suggestion from the testatrix, "named over a number of institutions that he thought would be proper for her to use in her will," and that Mr. Cunningham subsequently sent to Washington a list from which Mr. Larner prepared the will. Mr. Larner did not testify, however, that the name of the First Volunteer Regiment of Georgia was in that list. The presumption is that it was not, for it was not inserted in the will, while the name of the Seventh Georgia Regiment of Georgia was inserted. Moreover, this item must have attracted the particular attention of both Mr. Larner and the testatrix, since the word "Savannah" was deleted; this being done, as Mr. Larner testified, for the purpose of making the name of the beneficiary correspond to that in the list; and seven years thereafter, as we already have noted, the testatrix ratified and confirmed her will "in every particular after a careful reading and examination thereof."

The decree must be reversed, with costs, and the cause remanded, with directions to enter a decree in conformity with this opinion.

Reversed and remanded.