## DISTRICT OF COLUMBIA et al. v. ADAMS.

### No. 22852.

District Court of the United States for the District of Columbia.

Dec. 1, 1944.

Lucien H. Mercier and N. Meyer Baker, both of Washington, D. C., for plaintiffs Clarke and O'Donnoghue.

Elphege Desgres and Milton I. Lewis, both of Washington, D. C., for defendant.

PINE, Justice.

This is a motion for summary judgment, filed by intervening plaintiffs Clarke and O'Donnoghue. They allege that they are the only living heirs at law and next of kin of Benjamin Franklin O'Donnoghue, deceased, who died testate on February 1, 1943. His will, admitted to probate by this court on July 1, 1943, contained the following provisions:

"Second, I order that my said executor shall gather all of my household effects and dispose of same according to his best judgment.

"Third, I order that my said executor shall collect all monies and property of any description due and belonging to me from any bank or insurance company, or from any other source, and dispose of all of same according to his best judgment."

His will contains no other disposition of his estate.

The executor named in the will is the defendant herein, George Edward Adams, who, on July 2, 1943, was granted letters testamentary by this Court. Plaintiffs Clarke and O'Donnoghue pray that the above-quoted provisions of testator's will be construed as void for uncertainty and generality, and for an adjudication that the executor holds the personal property be-

longing to the estate of testator for the benefit of said plaintiffs. No real estate appears to be involved.

Defendant claims that the will is not void for uncertainty; that it was the intention of the testator to leave his property to the defendant; and that the testator said to the attorney who drew the will that he wanted the property left to the defendant, because he had helped him financially and otherwise over a period of years.

In the original and amended petitions for letters of administration filed in the Probate Division of this court on February 6, 1943, and on July 3, 1943, respectively, defendant alleged that decedent owed only $560 for funeral expenses and $100 for expenses of last illness. In his first account, filed on July 22, 1944, he sets up as a disbursement $3,145 as "money loaned to the late Mr. O'Donnaghue by George Adams," the defendant herein. The last mentioned claim was made by defendant after this action was filed by the District of Columbia (namely, on January 24, 1944), asserting the invalidity of paragraphs second and third of testator's will above quoted, on the same grounds as those above set forth, and claiming to be entitled to the estate under that section of the D.C.Code which provides that if there be no widow or relatives of the intestate within the fifth degree the whole surplus shall belong to the District of Columbia, Sec. 18—717, D.C. Code 1940. On August 17, 1944, intervening petitioners moved to intervene, asserting that they were first cousins of decedent.

This will does not create an express trust, either by direct fiduciary expressions or by precatory words, since those to whom the property is to be distributed are uncertain. Nor is an implied trust created for the benefit of defendant. Nor is there an absolute bequest to him. He holds the estate for the benefit of plaintiffs Clarke and O'Donnoghue as next of kin. General Clergy Relief Fund v. Sharpe, 43 App.D.C. 126. Testimony in support of the averment in the answer, that the testator said to the attorney who drew the will that he wanted the property left to the defendant because he had helped him financially and otherwise, would be inadmissible in this case. General Clergy Relief Fund v. Sharpe, supra; Wilkins v. Allen, 59 U.S. 385, 18 How. 385, 15 L. Ed. 396; McAlear v. Schneider, 2 App. D.C. 461; Atkins v. Best, 27 App.D.C.

148; Association of Survivors of 7th Georgia Regiment v. Larner, 55 App.D.C. 156, 3 F.2d 201.

The motion for summary judgment will be granted. Counsel will submit, on notice, judgment in accordance herewith.