**MITCHELL v. MERRIAM et al.**
**MITCHELL v. MITCHELL.**
Nos. 10721, 10722.

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 20, 1950.

Decided Feb. 23, 1951.
Writ of Certiorari Denied May 21, 1951.
See 71 S.Ct. 855.

Dean Hill Stanley, Washington, D. C., for Edward A. Mitchell, appellant in No. 10721 and appellee in No. 10722.

Henry Ravenel, Washington, D. C., with whom Lawrence A. Baker, Washington, D. C., was on the brief, for appellees in No. 10721.

P. J. J. Nicolaides, Washington, D. C., with whom William F. Kelly and Richard H. Nicolaides, Washington, D. C., were on the brief, for appellant in No. 10722.

Before EDGERTON, BAZELON, and WASHINGTON, Circuit Judges.

EDGERTON, Circuit Judge.

These appeals result from a suit for instructions brought by the executor of the estate of Emily Wallach Blair.

■ The testatrix willed half her residuary estate to her sister Rose Douglas Merriam, who died before her. In No. 10721 the question is whether this half goes to the children of Rose, who are the appellees, or to the heirs of the testatrix one of whom is a nephew of the testatrix, the appellant Edward A. Mitchell. The District Court rightly ruled in favor of the children. The case is covered by the first sentence of D.C.Code (1940) § 19–110, 31 Stat. 1434: "If a devisee or legatee die before the testator, leaving issue who survive the testator, such issue shall take the estate devised or bequeathed as the devisee or legatee would have done if he had survived the testator, unless a different disposition be made or required by the will." Since the statute provides that the "issue shall take", the devise to Rose did not fail or become void. It follows that the second sentence of the same section of the Code, on which appellant relies, is irrelevant. It provides that "Unless a contrary intention appear by the will, such property as shall be comprised in any devise or bequest in such will which shall fail or be void or otherwise incapable of taking effect shall be deemed included in the residuary devise or bequest, if any, contained in such will." Since George Washington University v. Riggs National Bank, 66 App.D.C. 389, 88 F.2d 771, on which appellant also relies, dealt with a void devise, it also is irrelevant.

■ In No. 10722 the testatrix's nephew Edward A. Mitchell is the appellee and the ultimate question is whether he or his son, the appellant Edward A. Mitchell, Jr., is the "nephew" named in a second codicil to the will. This codicil leaves all the testatrix's furniture, silver, pictures, jewelry and articles of personal use to "my sister, Rose Douglas Wallach Merriam; my niece, Mary A. Chewning; and my nephew, Edward A. Mitchell, to be divided among them, one-third unto each." The District

Court held that extrinsic evidence was not admissible to show that the testatrix meant her grandnephew, the appellant. In this we think the court erred.

■ "If there are indications in early opinions of this court that resort can never be had to extrinsic evidence to ascertain the intent of a testator, that impression has long since been dispelled." Baker v. National Savings & Trust Co., 86 U.S.App. D.C. 161, 162, 181 F.2d 273, 274. Competent extrinsic evidence should be received whenever it tends to show what a testator meant by ambiguous words. Distinctions between "latent" and "patent" ambiguities are arbitrary and outmoded. "How can we tell whether a will is clear and definite or ambiguous and uncertain until we know the surrounding facts?" 2 Page on Wills, 3d ed. (1941) § 920; cf. §§ 1623, 1624. It is clear that "when a will names a person as the object of a gift, or a thing as the subject of it, and there are two persons or things that equally well answer such name or description * * * extrinsic evidence is not only useful, but indispensable" [1] and admissible.

Perhaps a sister's son and a sister's grandson do not "equally" well answer the description of nephew, but the fact remains that a sister's grandson is often called a nephew. In other words the term nephew has, in addition to a narrow sense that excludes grandnephews, a broad sense that includes them.[2] This fact is often recognized in interpreting wills. Appellee's counsel recognizes it though he asks us to disregard it. He says in his brief: "There is not much doubt of the fact that in the ordinary every-day course of living she [the testatrix] referred to the grandniece and grandnephew as niece and nephew. It is submitted that there is nothing unusual about this. These children having resided in the home of the testatrix from early childhood, it would indeed have been a stilted form of address for the testatrix to have used the exact relationship in reference to them."

■ In our opinion the fact that a sister of the testatrix had both a son and a grandson named Edward A. Mitchell is enough, in itself, to make the term "my nephew, Edward A. Mitchell" ambiguous, and it is immaterial whether the fact does or does not appear on the face of the will and codicils.[3] When the whole will and the extrinsic evidence that the court struck are considered, as we think they should be, it is plain that by "my nephew, Edward A. Mitchell" the testatrix meant the appellant. She used the term "my niece, Mary A. Chewning", in the same sentence of the second codicil, to designate her grandniece, appellant's sister. Whereas appellant and his sister lived in the home of the testatrix from early childhood, appellee, a naval officer, was usually absent from Washington and the testatrix had no such close contact with him. She treated appellant and his sister like a son and daughter. She often called them her nephew and niece, and as far as appears never called them her grandnephew and grandniece. By the first codicil to her will [4] she gave them practically half her estate. She had other nephews, in the narrow sense of the word, besides the appellee, but remembered none of them in her will or in either codicil. To say that she meant the appellee when she said "my nephew" in the second codicil would be to say that between the dates of the two codicils she decided to make a gift to a nephew whom she had previously ignored, while she continued to ignore all other members of his generation, and that she decided to withdraw from her favorite grandnephew the equal treatment with his sister that she had previously given him. Nothing in the record suggests that these changes of in-

1. Association of Survivors of Seventh Georgia Regiment v. Larner, 55 App.D. C. 156, 158, 3 F.2d 201, 203.

2. Similarly it has a narrow sense that excludes, and a broad sense that includes, sons of the brother or sister of a spouse.

3. It may not plainly appear there that the sister had a living son Edward A. Mitchell but it does plainly appear there that she had a grandson Edward A. Mitchell, Jr. The first codicil gives practically half the estate of the testatrix to "Edward A. Mitchell, Jr., and Mary M. Chewning, grandchildren of [my sister] Mary Alexander Mitchell."

4. Supra note 3.

tention are probable or that they are not highly improbable. In our opinion no rule of law prevented the court from recognizing the fact that by "my nephew, Edward A. Mitchell" the testatrix meant the appellant.

No. 10721 affirmed.

No. 10722 reversed.