Wesley HALL, Jr., Appellant,

v.

Laura A. KILLINGSWORTH and Yeolen S. Thomas, Appellees.

No. 13837.

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 12, 1957.

Decided Feb. 27, 1958.

Mr. Arthur L. Willcher, Washington, D. C., with whom Mr. Eugene H. Rothberg, Washington, D. C., was on the brief, for appellant. Mr. Sol Rothbard also entered an appearance for appellant.

Mr. James C. Toomey, Washington, D. C., with whom Mr. Walter E. Gillcrist, Washington, D. C., was on the brief, for appellees.

Befoe EDGERTON, Chief Judge, and DANAHER and BURGER, Circuit Judges.

PER CURIAM.

The named trustees of a purported testamentary trust of realty applied to the District Court for instructions as to the construction of the will of Helen Penn Pender, deceased. The District Court held that the paragraph purporting to create a trust was void because it named no beneficiary, devised no trust object, and gave complete discretion to the named trustees to manage, operate or sell the realty. The District Court considered "it would not do to strike down the clause creating the trust and then construe the first clause of Paragraph 6 as a devise in fee simple absolute." The court concluded that "there is an intestacy as to the real property referred to in Paragraph 6 of the will * * *."

No task falling to a court, trial or appellate, is more perplexing or productive of less satisfying consequences than that of attempting to construe inartfully drawn wills; but few tasks impose on courts a greater obligation to do all in their power to discern the intent of the testator. As this court described that duty in an earlier opinion, we are to do this "by construction of the whole will and not from detached paragraphs; and where the intention is apparent, it should be given effect—and this is true—even though to do so involves the rejection of the literal meaning of particular words."[1] In this case we need not reject the literal meaning of particular words but only decide whether the plainly identified beneficiaries shall take the testatrix' bounty in trust or in fee.

---

1. Walker v. Thomas, 1935, 64 App.D.C. 148, 150, 75 F.2d 667, 669.

Taking account of the will as a whole and then examining Paragraph Sixth,[2] we discern an intent to create a trust for the benefit of five named persons, Hubert A. Penn, Thirkield Penn Kelley, Phoebe Z. Penn, Wesley Hall, Jr., and Sinkler B. Penn, and to confer benefits in the nature of remainder interests on four named persons, Hubert A. Penn, Thirkield Penn Kelley, Wesley Hall, Jr., and Sinkler B. Penn, if the property is sold because the income therefrom is not sufficient to pay the principal and interest on existing mortgages. The named trustees had full power to sell; it is suggested that the rents and income received were not adequate to carry or pay the principal and interest on the deed of trust and it appears that the realty has been sold by order of the Probate Branch and is awaiting settlement at the title company.

■■ The testatrix and the clearly and plainly discernible objects of her ultimate bounty should not be made to suffer the consequences of the almost incredible ineptitude of the lawyer who undertook to draft what was vaguely thought to be a testamentary trust. Unsatisfactory as it may be, we think it better to give effect to what we can see clearly as 80% of the testatrix' intent rather than none at all. The circumstances do not call for an all or nothing result. By its four corners the document discloses as its unmistakable objective the creation of something in the nature of a trust in realty, with five named persons privileged to live on the premises, and an ultimate disposition of the proceeds of that realty to four of those five persons. This attempted trust failed[3] but there remains the clear expression of the wish and will of the testatrix that upon sale of the realty the proceeds therefrom are to be divided among those of the four named persons "then living." We hold that Paragraph Sixth failed in its attempt to create a trust but operated to create an interest in the nature of a contingent remainder in fee for such of the four named beneficiaries (Hubert A. Penn, Thirkield Penn Kelley, Wesley Hall, Jr., and Sinkler B. Penn) who survive at the date of the sale of said realty; since it appears that one of the four persons died before the sale the share of the deceased goes to the survivors equally.

■ It will be noted that Phoebe Z. Penn is named as one of the group of beneficiaries privileged to live in the

---

2. "SIXTH: I give and devise my real property, known as 1504 S Street, N.W., to my sisters, Yoelen S. Thomas and Dr. Laura A. Killingsworth, as trustees, in TRUST NEVERTHELESS, to have full, absolute, and complete control and charge and discretion with reference to the operation or management of the said real estate, or to sell the same by a public or private sale thereof as they see fit; that it is my desire, although this is not to bind the trustees in their power and discretion, and is not to be considered an order or a command, that the trustees operate the said premises as a home where Hubert A. Penn, Thirkield Penn Kelley, Phoebe Z. Penn, Wesley Hall, Jr., and Sinkler B. Penn, may reside and that the trustees attempt, by renting out some of the rooms and apartments therein, to pay off any deeds of trust outstanding against said real property; that the trustees shall have full power to collect the rents, to make all and any necessary repairs to the real property and to sell the same as they so desire at any time; that if the rent and income received from the real property does not carry or pay the principal and interest on the deed of trust, then, the trustees may sell said real property and divide any of the proceeds therefrom, or in the meantime, any income derived therefrom, among the following named persons, equally share and share alike, if then living: Hubert A. Penn, Thirkield Penn Kelley, Wesley Hall, Jr., and Sinkler B. Penn. It is understood that the trustees shall have full power and authority of management, and for sale of said real property at any time they see fit, and are not accountable to anyone and shall not be sued by any of the above named beneficiaries or devisees except for wilful defalcation of any monies or income received therefrom."

3. Among other defects, the instrument failed to manifest an intent that the trustees have enforceable duties. Restatement, Trusts § 25 (1935); Scott, Trusts § 25.2 (1956).

house, but is omitted from the group of beneficiaries to take the proceeds of sale of the house. Of course we cannot accept, as is argued, that Phoebe should be read into the second group, no matter how clear is the proffered evidence that the testator intended this result. Association of Survivors of Seventh Georgia Regiment v. Larner, 1925, 55 App. D.C. 156, 3 F.2d 201; District of Columbia v. Adams, D.C.D.C.1944, 57 F.Supp. 946. We may construe one name to mean another, Powell v. Biddle, 1790, 2 Dall. 70, 2 U.S. 70, 1 L.Ed. 293, but we cannot supply a name where an unambiguous vacuum exists.

To the extent that the District Court held the trust void, we affirm. For the reasons indicated, however, the case is remanded to the District Court for entry of a judgment construing Paragraph Sixth of the last will and testament of the deceased as creating the contingent remainders in fee described above.

Remanded with instructions.