**Richard L. KNUPP, Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

**No. 89–742.**

District of Columbia Court of Appeals.

Argued June 22, 1990.

Decided July 27, 1990.

Stephen D. Espy, Washington, D.C., for appellant.

Susan S. McDonald, Asst. Corp. Counsel, with whom Herbert O. Reid, Sr., Corp. Counsel, and Charles L. Reischel, Deputy Corp. Counsel, Washington, D.C., were on the brief, for appellee.

Before NEWMAN, BELSON and FARRELL, Associate Judges.

NEWMAN, Associate Judge:

This is an appeal from a judgment of the Superior Court construing a will. The problem at issue is that the will's sixth paragraph states that the residual estate is to pass to the person specified in the eighth paragraph of the will, but the eighth paragraph does not name a residual legatee. Appellant explains that the inconsistency is a result of an error on the part of the attorney who drafted the will: that although the testator allegedly instructed the attorney to name appellant as the beneficiary of the residual estate, the attorney forgot to insert such a clause in the will. Appellant argued in the construction proceeding in Superior Court that, based upon extrinsic evidence showing that the testator intended the appellant to be the beneficiary of the residual estate, the court should interpret the will to give Appellant the residual estate. The trial court held that it was without power to reform the will by inserting the name of a legatee alleged to have been omitted by mistake. As a consequence, the residue would go to the District of Columbia by escheat. *See* D.C.Code § 19-701 (1981). We agree with the Superior Court's ruling and, thus, we affirm.

## I

The facts of this case show that the testator, a District of Columbia resident, executed a will from his hospital bed in March 1986 and died approximately one month thereafter. Paragraph Six of the will states:

I direct my Executor to sell or otherwise convert into cash such of the rest and remainder of my estate as, in his judgment, is or may be necessary to pay my just debts, expenses of administration, funeral expenses, expenses of last illness, estate and inheritance (and other) taxes, and the cash legacies specified in subparagraphs A through G, inclusive, of paragraph *SEVENTH* hereof. I request that the remaining assets of my estate that are not required to be sold in order to pay debts, expenses, taxes, and cash legacies as provided in the preceding sentence be retained in kind by said Executor and distributed in kind to the residual legatee as stipulated in paragraph *EIGHTH* hereof.

Paragraph eighth of the will states, in pertinent part:

I hereby nominate and appoint RICHARD L. KNUPP, ..., as Executor of this my last will and testament, and I direct that no bond or security be required of him. I ask that he retain MILTON W. SCHOBER, ..., as attorney for my estate.

Nowhere does paragraph eighth name a residual beneficiary.

The will was drafted by Milton W. Schober, the attorney referred to in the eighth paragraph of the will and the drafter of the testator's two prior wills. In his two prior wills, the testator left significant bequests to his personal friend, Richard L. Knupp ("Knupp"). Appellant alleges that in this will testator also intended Knupp to benefit. Allegedly, approximately one month prior to his death, the testator told Schober to draft a new will which would leave specific dollar amounts to several named beneficiaries and which would leave the bulk of the estate to Knupp, as residual beneficiary. Schober drafted the new will and the testator signed it. The will, however, did not name the residual legatee. Schober submitted an affidavit to the trial court admitting that he mistakenly failed to designate a residual beneficiary in the will even though the testator had instructed him to name Knupp. Schober also provided the trial court with notes he took of his conversations with the testator to prove that the testator intended Knupp to be the residual legatee.

In an order dated November 16, Judge Barnes found that the will was ambiguous on its face and that the court should consider extrinsic evidence to determine the testator's intent. In a supplemental order, though, Judge Barnes ruled that as a matter of law, specific extrinsic evidence concerning the names of omitted legatees must be excluded.

## II

### A

■ The general rule in construing a will in the District of Columbia is that the testator's intent is the guiding principle. *Wyman v. Roesner*, 439 A.2d 516, 520 (D.C. 1981); *see also In re Estate of Kerr*, 139 U.S.App.D.C. 321, 433 F.2d 479 (1970). If the intent is clear from the language of the will, the inquiry ends there. *Wyman, supra* at 520; *see also Brinker v. Humphries*, 90 U.S.App.D.C. 180, 181, 194 F.2d 350, 352 (1952); *Association of Survivors of the 7th Ga. Regiment v. Larner*, 55 App.D.C. 156, 158, 3 F.2d 201, 203 (1925). However, "if the language 'upon its face and without explanation, is doubtful or meaningless' ... a court may examine extrinsic evidence in order to understand the will." *Wyman, supra*, at 520 (*quoting Baker v. National Savings & Trust*, 86 U.S.App.D.C. 161, 162, 181 F.2d 273, 274 (1950)); *accord Starkey v. District of Columbia*, 377 A.2d 382, 383 (D.C.1977).

■ While the intent of the testator is the "polestar in construction of a will," *In re Estate of Kerr, supra*, 139 U.S.App.D.C. at 331, 433 F.2d at 489, extrinsic facts are not always permitted into evidence in order to prove the testator's intent. Certain conditions must be present to warrant the introduction of extrinsic evidence. First, there must be some ambiguity in order for a court to consider extrinsic evidence. *See, e.g., Wyman, supra*, 439 A.2d at 520. In addition, in all cases in which such evidence is received, it can be "utilized only for the purpose of interpreting something actually written in the will and never to add provisions to the will." *7th Ga. Regiment, supra*, 55 App.D.C. at 158, 3 F.2d at 203. As one treatise states:

> evidence of surrounding circumstances is admissible to enable the court to understand the meaning of the words which the testator has used in his will, it is not admissible to add to the will provisions which cannot fairly be inferred from the language which is used therein, or to take from the will provisions which are clearly expressed therein.

4 BOWE–PARKER: PAGE ON WILLS, § 32.2 at 237 (*citing Brown v. Wells*, 45 App.D.C. 428 (1916), *Atkins v. Best*, 27 App.D.C. 148 (1906)).

When an ambiguity exists regarding the testator's intent, often a court will allow extrinsic facts into evidence to clear up the

ambiguity. As the Supreme Court noted over a century ago:

It is settled doctrine that, as a latent ambiguity is only disclosed by extrinsic evidence, it may be removed by extrinsic evidence. Such an ambiguity may arise upon a will, either when it names a person as the object of a gift, or a thing as the subject of it, and there are two persons or things that answer such name or description; or, secondly, it may arise when the will contains a misdescription of the object or subject: as where there is no such person or thing in existence, or, if in existence, the person is not the one intended, or the thing does not belong to the testator.

*Patch v. White,* 117 U.S. 210, 217, 6 S.Ct. 617, 619, 29 L.Ed. 860 (1886). *See also 7th Ga. Regiment, supra,* 55 App.D.C. at 158, 3 F.2d at 203 ("[A]mbiguity may arise when a will names a person as the object of a gift, or a thing as the subject of it, and there are two persons or things that equally well answer such name or description. In such a case, it is apparent that extrinsic evidence is not only useful, but indispensable to a proper interpretation of the will."); *Mitchell v. Merriam,* 88 U.S.App. D.C. 213, 188 F.2d 42 (1950) (where testatrix devised property to "my nephew Edward A. Mitchell" and testatrix had both a nephew and a grand nephew named Edward A. Mitchell, the court allowed in extrinsic evidence to show which of the two individuals the testatrix was referring to in her will); *In re Miller's Estate,* 127 F.Supp. 23 (D.D.C.1955) (where testatrix's will stated "I give and bequeath to my cousin, Sue McCook ... any monies that are left after my just debts are paid," extrinsic evidence was allowed in order to determine whether testatrix intended the word "monies" to be restricted to cash and money on deposit in bank accounts or whether the word should be understood in the colloquial sense as meaning all personal property).

■ Any ambiguity in the will under consideration in this case is not of the sort that can be corrected by the consideration of extrinsic evidence. There is no language in the will that could lead a court to infer that the testator intended Knupp to be the recipient of the residual estate; thus, it was proper for the court not to admit the extrinsic evidence.

■ The United States Court of Appeals for this Circuit, in decisions binding on this court, *M.A.P. v. Ryan,* 285 A.2d 310, 312 (D.C.1971) (decisions of the United States Court of Appeals for the District of Columbia Circuit decided prior to February 1, 1971 are binding on divisions of this Court; only the *en banc* Court can decline to follow such decisions), has held that the name of a legatee that was omitted from a will cannot subsequently be added to that will by a court. In the will at issue in *Hall v. Killingsworth,* 102 U.S.App.D.C. 307, 253 F.2d 43 (1958), the testatrix left to five named persons the right to live in the testatrix's building after her death. The will then gave four of the five named individuals the right to share any income the property produced. Extrinsic evidence showed that the *Hall* testatrix intended all five individuals to share in the income of the property, but due to the "almost incredible ineptitude of the lawyer" who drafted the will, *id.* at 309, 253 F.2d at 45, the fifth person was mistakenly not mentioned. The *Hall* court stated:

Of course we cannot accept, as is argued, that [the fifth person] should be read into the second group, no matter how clear is the proffered evidence that the testator intended this result. We may construe one name to mean another, but we can not supply a name where an unambiguous vacuum exists. *Citations omitted.*

*Id.* at 310, 253 F.2d at 46. In *In re Estate of Kerr, supra,* 139 U.S.App.D.C. at 332, 433 F.2d at 490, the court held that extrinsic evidence can be used to clear up an ambiguity in a will "only for the purpose of interpreting something actually written in the will and never to add provisions to the will." As the court put it: "no matter how clearly a testator's wish to make a particular disposition may appear from sources outside the will, a court can not give it effect unless the words written into the will effect that disposition or are reason-

ably susceptible to the interpretation that they do." *Id.*

For the aforementioned reasons, the decision is hereby

*Affirmed.*