## PRESBREY v. SIMPSON et al.

(Court of Appeals of District of Columbia. Submitted February 16, 1923. Decided June 4, 1923.)

No. 3887.

1. Wills ⬩439—Intention must prevail, if legal.

In construing a will, it is a cardinal rule that the intention of the testator must prevail, if consistent with the rules of law.

2. Wills ⬩449—Construction preventing partial intestacy favored.

The law prefers a construction which will prevent a partial intestacy to one that will permit it, if such a construction may reasonably be given.

3. Wills ⬩440—Intention must be ascertained from language.

In all cases the court is remitted to the language of the will to ascertain the intention, and if that intention is clearly deducible from the terms used, taking the whole will together, the court is bound to give that construction which will effectuate, and not defeat, the intention.

4. Wills ⬩466—Testator, in committing property to wife, held to have intended absolute gift; "commit."

A will stating, "I commit my body to the dust from whence it came— my soul unto God who gave it—my property unto my wife," clearly

⬩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

manifests an intention to use the word "commit" in a final and irrevocable sense, so as to give the wife full title to the property owned by testator.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Commit.]

**5. Wills** ☞559—**"Property" includes every subject of ownership.**

The word "property" in a will is a general word, which includes everything which is the subject of ownership.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Property.]

**6. Wills** ☞452—**Rule favoring heirs not applied, if intention of testator is plain.**

The rule of testamentary construction favoring heirs cannot be applied, when the intention of the testator is made plain by the language used.

Appeal from the Supreme Court of the District of Columbia.

Bill by Margaret E. Presbrey against Mary E. Simpson, administratrix c. t. a. of Henry K. Simpson, deceased, and others, for the construction of a will. From a decree dismissing the bill, plaintiff appeals. Affirmed.

George W. Offutt, Jr., and Charles V. Imlay, both of Washington, D. C., for appellant.

William Meyer Lewin, of Washington, D. C., for appellees.

Before SMYTH, Chief Justice, ROBB, Associate Justice, and BARBER, Judge of the United States Court of Customs Appeals.

ROBB, Associate Justice. Appeal from a decree in the Supreme Court of the District of Columbia, dismissing appellant's bill, seeking a construction of the will of Henry K. Simpson, deceased, of whose estate appellee Mary E. Simpson is administratrix c. t. a. According to the averments of the bill, Mr. Simpson died in 1917, leaving an estate consisting of personalty amounting to less than $20,000. There were no children, and whether appellant is a sister or the daughter of a deceased brother or sister is not stated. The material part of the will, executed 31 years prior to the death of the testator, or in 1886, is as follows:

"I commit my body to the dust from whence it came—my soul unto God who gave it—my property unto my wife—and with forgiveness to all who have intentionally injured me—as I hope to receive forgiveness in the last great day."

It is contended that the word "commit" is insufficient to constitute an absolute gift of property, and hence that the testator died intestate as to one-half the remainder of his estate.

[1-3] In testamentary construction, it is a cardinal rule:

"That the intention of the testator, expressed in his will, or clearly deducible therefrom, must prevail, if consistent with the rules of law. And another familiar rule is that the law prefers a construction which will prevent a partial intestacy to one that will permit it, if such a construction may be reasonably given. And in principle this must be so when it is contended that the executor takes merely for next of kin claiming as distributees of an alleged undisposed of residue." Kenaday v. Sinnott, 179 U. S. 606, 616, 21 Sup. Ct. 233, 237 (45 L. Ed. 339).

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In all cases:

"We are remitted to the language of the will to ascertain the intention of the testatrix, and if that intention is clearly deducible from the terms used, taking the whole will together, then we are bound to give that construction which will effectuate and not defeat it." Young Women's Christian Home v. French, 187 U. S. 401, 417, 23 Sup. Ct. 184, 188 (47 L. Ed. 233).

[4] What was the intention of the testator in this case? His married life extended over a period of more than 30 years and he left no children. It must be assumed that this modest property was accumulated through the joint efforts of himself and wife. The terms of his will indicate that he was a man of deep convictions and fully mindful of his obligations, both spiritual and temporal. In the first clause he committed his body to the dust from whence it came, and in the second his soul unto God. In what sense did he use the word "commit" in these two clauses? Obviously to his mind, and we must endeavor to place ourselves in his position at the time he wrote this will, he used the word in the two clauses in a final and irrevocable sense. It would do injustice to his memory even to suggest that he used it in any other sense. Doubtless he was familiar with the words, "Unto thine hand I commit my spirit." (Ps. xxxi, 5.) And having used the word in these two clauses in one sense, we must assume that he used it in the third clause in the same sense. Had he intended to use it in a different sense, he would have employed qualifying words. Our inquiry is, not what "commit" may mean, but what, as used by the testator in this instrument, it was intended to mean.

[5] The interpretation we have placed upon this word brings into harmony the various provisions of the will, and gives force and effect to the abiding and unconditional intention of the testator. He had three objects in view, the commission of his body to the dust, his soul to God, and his property to his wife, than whom no one was more entitled. The word "property" is nomen generalissimum and includes everything which is the subject of ownership. Boston, etc., R. Co. v. Salem, etc., R. Co., 2 Gray (Mass.) 1; Wilson v. Beckwith, 140 Mo. 359, 41 S. W. 985; Stanton v. Lewis, 26 Conn. 444, 449; Fears v. State, 102 Ga. 274, 29 S. E. 463; 32 Cyc. 648.

[6] Appellant seeks to invoke the rule of testamentary construction favoring heirs. This rule, however, "cannot be applied when the intention of the testator is made plain. It cannot be applied when the purpose of the testator, as seen in the will, cannot be carried out by a devise of a less estate than the fee." McCaffrey v. Manogue, 196 U. S. 563, 569, 25 Sup. Ct. 319, 321 (49 L. Ed. 600). See, also, Atkins v. Best, 27 App. D. C. 148. The intention of the testator in this case plainly appearing, and the language used being adequate to carry out that intention, the rule invoked is not applicable here.

It follows that the decree must be affirmed, with costs.

Affirmed.