**LOUGHRAN et al. v. NEWLON.**

No. 7833.

United States Court of Appeals for the District of Columbia.

Argued Dec. 5, 1941.

Decided Jan. 26, 1942.

Miss Catherine McCloskey, of Washington, D. C., for appellants.

Mr. Robert H. McNeill, of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and VINSON and EDGERTON, Associate Justices.

GRONER, C. J.

This is an action begun in the District Court by appellee, Katherine K. Newlon, against appellants as executors under the will of Daniel Loughran, Jr. Mary L. Duke, residuary legatee and devisee, was named as a co-defendant. The purpose of the suit was to obtain the construction of paragraph 2 of the will of Daniel Loughran, Jr., as follows:

"Item Two. (A) Out of the net proceeds of my estate I give and bequeath and my said trustees are directed to pay at convenient periods in each year a sum not to exceed One Hundred Fifty and no/100 Dollars ($150.00) per month, totaling the sum of One Thousand and Eight Hundred Dollars ($1800.00) annually, for and during the natural life of my friend Katherine K. Newlon, the daughter of W. R. Newlon, of Alexandria, Virginia, *Provided, however,* that if, for any reason the net proceeds of my estate shall not equal the sum of One Hundred Fifty Dollars ($150.00) per month, the said trustee shall pay to her such lesser sum, as such net proceeds shall indicate, and provided further, that the one Hundred and Fifty Dollars ($150.00) per month shall not be cumulative from year to year, and provided further that immediately upon the death of the said Katherine K. Newlon, the said trust and the bequest herein set forth shall cease and determine and forever be at an end. I made this provision for said Katherine K. Newlon, because of the many kindnesses she has shown to me."

The controversy grew out of the action of the trustees in withholding from Miss Newlon monthly payments of $150 for four months in 1936, two in 1939, and one in 1940. The position taken by the trustees to justify this action, is that they were directed by the will to pay Miss Newlon an amount totaling $1800 annually only in the event the monthly net income, considered separately from month to month, equals the sum of $150. In other words that each monthly distribution to the amount of $150 is conditioned on the receipt by the executors of net income amounting to that sum in that particular month. Miss Newlon insists she is entitled to receive $1800 during

each year if the annual net income of the estate amounts, as admittedly it does, to that sum.

The single question, therefore, is whether the unit of measurement of the bequest is based on the amount of net income actually collected in each month or in each year, and the answer, of course, depends upon the intent of the testator, which in turn is to be ascertained upon a reasonable interpretation of the words of the will. Judge Bailey held that the testator intended to provide a legacy of $150 per month cumulative monthly each year, but not from year to year, and we are of opinion that this is correct. The will directs the trustees to pay at convenient periods in each year a sum not to exceed $150 per month, totaling the sum of $1800 annually, "Provided * * * that if * * * the net proceeds * * * shall not equal the sum of One Hundred Fifty Dollars ($150.00) per month, the said trustees shall pay to her such lesser sum" and provided further, that the $150 per month "shall not be cumulative from year to year". These latter words, we think, clearly imply that the bequest shall be cumulative from month to month, for otherwise the provision that the income "shall not be cumulative from year to year" would be wholly superfluous. Not only this, but the clause provides that the $1,800 is to be paid to appellee "at convenient periods in each year", which negatives the idea that the monthly payment of $150 is conditioned upon an accumulation of that much income in that particular month. And this is further accentuated by the succeeding clause of the will, which directs payment of the residuary income to testator's sister "in excess of said $150.00" per month bequeathed to appellee.

Considered in its entirety, we are in accord with the view of the lower court that the will expresses the clear intent of testator that appellee shall receive the full sum of $1800 in each year, provided only the income of the estate for the year in question totals that amount. The estate consisted mainly of real estate, and the income for distribution arose out of rents collected on these properties. If it were optional with the executors to pay the expenses of repairs and taxes for a year in one or two or three months and thus exhaust the whole income for those months, appellee would be left wholly at their mercy, and obviously testator had no such intent.

Where, as is the case here, the intent of the testator is clear, the principle of testamentary construction favoring heirs is not applicable. Sherman v. American Security & Trust Co., 57 App.D.C. 273, 20 F.2d 446; Presbrey v. Simpson, 53 App.D.C. 358, 290 F. 333; Baldwin v. National Savings & Trust Co., 65 App.D.C. 174, 81 F.2d 901.

Affirmed.