ESTATE OF SCHEFFLER: WITTE, Executor, and others, Appellants, vs. SCHUETTE and others, Respondents.

*February 7—February 28, 1958.*

For the appellants there was a brief by *Fischer & Smith,* attorneys, and *Patrick J. Harlow* of counsel, all of Manitowoc, and oral argument by *Mr. Austin F. Smith* and *Mr. Harlow.*

For the respondents there was a brief by *Cashman & Savage* of Manitowoc, and oral argument by *John R. Cashman.*

BROADFOOT, J.   Ida Scheffler was one of eight children. Her only sister and three of her brothers predeceased her. Her husband was one of 11 children. The testatrix made special bequests to some of her own relatives and to some of her deceased husband's relatives.

At the hearing on the construction of the will the children of Edwin Schuette, six in number, contended that each was entitled to the sum of $1,000 under the provisions of paragraph Fifth. The executor and the other residuary beneficiaries contended that the children of Edwin Schuette were to divide the sum of $1,000. Certain Wisconsin cases and annotations appearing in 16 A. L. R. 15, 31 A. L. R. 799, 78 A. L. R. 1385, 126 A. L. R. 157, and 13 A. L. R. (2d) 1023, deal with the subject.

The trial court in its memorandum decision analyzed the Wisconsin cases and some from foreign jurisdictions that appeared in the annotations. We have read the Wisconsin cases cited, together with the annotations and some of the cases therein referred to. We find none in which the language of the will or the surrounding circumstances are sufficiently close to be controlling. We do, however, find in some of the Wisconsin cases principles of law that may be applied. In *Will of Asby,* 232 Wis. 481, 487, 287 N. W. 734, appears the following:

"However, it appears that the great majority of the courts have recognized and followed the rule of construction that if a testamentary gift is made to one or more persons named and the children of another person, as for instance, to A and the children of B, the persons entitled will, in the absence of anything to show a contrary intention, take per capita, and not per stirpes."

That quotation was cited with approval in *Will of Bray,* 260 Wis. 9, 15, 49 N. W. (2d) 716. In the *Asby Case,* the paragraph in question was as follows (p. 483):

"All the rest, residue and remainder of my property, real and personal, wherever situated and of whatever nature I might die seized or possessed of, I give, devise and bequeath, share and share alike, to Arthur Wilkins and the grandchildren of William Asby, my late husband, surviving me at the time of my decease."

The trial court in that case concluded that it was the intention of the testatrix by that paragraph to give one half of her residuary estate to Arthur Wilkins and one half to the surviving grandchildren of William Asby as a class. Upon appeal this court reversed the trial court and held that Arthur Wilkins and all of the grandchildren of the testatrix's deceased husband who survived her should share equally in her residuary estate, that is, on a per capita rather than on a

per stirpes basis. The same rule is cited in 3 Page, Wills (lifetime ed.), p. 288, sec. 1081, as follows:

"A gift to testator's son A, to the children of his deceased daughter B, and to the children of his daughter C, imports a per capita distribution. Even if the two parents thus described are related to testator in unequal degrees of relationship, the gift is, *prima facie,* per capita. Even if testator names the parents, and then gives the names of the children who make up the class, the gift is one per capita. A gift to 'A's children (naming them), to the heirs of B (naming them) . . . also C' (naming him) requires a per capita distribution."

In *Estate of Porter,* 238 Wis. 181, 298 N. W. 624, the same rule is recognized but it was there held that a very slight circumstance is sufficient to overcome the rule or presumption. We can find no circumstances here that would overcome the presumption. Viola Jordan, who was given $1,000 by the codicil to the will, was not a blood relative of the testatrix. One of testatrix's brothers, Gustave Sixel, predeceased her, leaving five children for whom no provision was made in the will. Another deceased brother, Albert, had one child who was left a bequest of $100. The sum of $100 was left to each of the living brothers of the testatrix and nothing was left to any of their children. There was no attempt on the part of the testatrix to divide her meager estate equally by families or by degrees of consanguinity.

The trial court held that paragraph Fifth of the will was not ambiguous and on this appeal all parties contend that it is not ambiguous. We agree, and from the language of the will and the surrounding circumstances as shown by the record we must conclude that the trial court arrived at a proper determination of the meaning of the paragraph in question.

*By the Court.*—Judgment affirmed.

CURRIE, J. (*dissenting*). The trial court determined that the Fifth clause of testatrix's will was not ambiguous, and, therefore, extraneous testimony of the lawyer scrivener who drew the will was not admissible to explain testatrix's intent as to the amount bequeathed to each of the six children of Edwin Schuette, deceased. In reaching such result it applied the rule of construction favoring a per capita distribution over that of per stirpes. The majority opinion approves such holding, that the will contained no ambiguity, and comments that the counsel on both sides so conceded.

However, it is interesting to note how the attorneys for both sides came to agree that the will was not ambiguous. Counsel for the respondents rely on *Will of Asby* (1939), 232 Wis. 481, 287 N. W. 734, 126 A. L. R. 151, applying the rule of per capita construction. On the other hand, the attorneys for the appellants place their reliance on *Estate of Porter* (1941), 238 Wis. 181, 185, 298 N. W. 624, which held, "the use of the word 'children' in a bequest to the children of a named person implies, generally speaking, a per stirpes distribution." When able counsel thus disagree on the construction to be placed on particular testamentary wording it would seem that this is some indication that an ambiguity does exist.

Rules of construction such as that favoring a per capita distribution when certain language is used, or a per stirpes distribution when some other language is used, or that favoring an early vesting of a remainder interest, are but aids in ascertaining a testator's intention which is not otherwise manifested. Such rules of construction should never be used to defeat a testator's intention. In *Will of Richter* (1934), 215 Wis. 108, 111, 254 N. W. 103, Mr. Justice WICKHEM, speaking for the court, declared:

"Certain rules of construction may be passed with simply a statement of them, as they are too well established to war-

rant extended consideration. The first is that all rules of construction yield to the cardinal rule that the words of a will are to be construed so as to give effect to the intention of the testatrix, which intention is to be ascertained from the language of the will itself, in the light of the circumstances surrounding the testatrix at the time of its execution."

We also consider the following comments from 3 Page, Wills (lifetime ed.), pp. 292, 294, sec. 1083, to be pertinent:

"If the gift is to one or more named or designated persons who are to take together with a class, the question arises whether or not such named persons take each a share, and the class takes a share, on the one hand; or whether such named persons are intended to be members of the class, so that such persons and the members of such class will each take the same amount, on the other. . . .

"The rule that such a gift imports a per capita distribution is said to be a technical one, which is subject to many exceptions; and one which is disregarded more often than not."

In passing on the issue of whether an ambiguity exists with respect to clause Fifth of the will, both the trial court and the majority opinion fail to consider the residuary clause of the will which reads as follows:

"All the rest, residue and remainder of my estate, real, personal or mixed, I give, devise and bequeath, in six (6) equal shares, one share to each of the following, namely, Adela Grotegut, Herbert Schuette, Geraldine Loos, Dorothy Stuart, and Viola Jordan and one share to the children of my deceased nephew, Edwin Schuette."

The codicil provided that Viola Jordan, named in said residuary clause, should also receive $1,000 under clause Fifth. The testatrix informed the scrivener that this was done to correct an oversight of hers in making the original will. With this modification made by the codicil the identical persons are named as beneficiaries under both clause Fifth and under the residuary clause. However, the residuary clause makes it very clear that the six children of Edwin Schuette

do not each receive the same share as the other five named beneficiaries, but all together receive but one of the six shares into which the residue is divided. If evidence of surrounding circumstances is taken into consideration in construing the will, as this court indicated should be done in *Will of Richter, supra,* there is nothing in the relationship existing between testatrix and the six children of her nephew, Edwin Schuette, to explain why she would have preferred that they receive so much more proportionately with respect to the other five named legatees under clause Fifth than under the residuary clause.

There is still another significant factor in the surrounding circumstances which tends to show that there is an ambiguity with respect to clause Fifth. Testatrix's will was drawn on November 16, 1954, and the codicil on November 9, 1955. Testatrix died August 13, 1956, and the evidence shows no material change in the amount of her estate between the date of making the will and her death. The amount available for distribution to legatees according to the final account is $11,451.92. If each of the children of Edwin Schuette receive $1,000 under clause Fifth, there will be nothing left to be distributed under the residuary clause.

There thus being an ambiguity in clause Fifth when the will is considered as a whole in the light of the surrounding circumstances the testimony of the lawyer scrivener who drew the will was clearly admissible to establish testatrix's intent. *Estate of Brzowsky* (1954), 267 Wis. 510, 515, 516, 66 N. W. (2d) 145, and cases cited therein.

Mr. Austin F. Smith, the lawyer-scrivener, in part testified as follows:

"On November 16, 1954, Ida Scheffler came to my office, and one of the reasons was to draw her last will and testament. I then proceeded to obtain from her her wishes and her intentions and I did so and I reduced those notes to writing, and one of the wishes and the intentions, she wished to

express in her will, was that the sum of $1,000 was to be divided between the children of Edwin Schuette. She wished to treat the children of Edwin Schuette as a class so that if their father had been living, he would receive the same as his brother and his sister. The sister—

"Court: Just a minute. The children of Edwin Schuette and if Edwin Schuette had been living? *A.* He would take the same share as his sister and brother. The sister was Adela Grotegut. The brother was Herbert Schuette. I so drafted the will providing in the Fifth paragraph that the sum of $1,000 was to go to the children of Edwin Schuette, and in the residuary clause, provided that a share was to go to the Edwin Schuette children, so that in that residuary clause likewise, the children as a class would take the share that their father would have taken. I rely now only on my own memory but I have written notes."

Attorney Smith also produced three sheets of notes made by him of directions received from the testatrix, from which notes he dictated the will to his secretary. After the will was drafted and executed these three sheets of notes were fastened to a carbon copy of the will and retained in Smith's will file. His pencil notes covering the drafting of clause Fifth are as follows:

> "(5)  Geraldine  each 1,000
>        Dorothy
>        Children of Edwin Schuette.........1,000
>        Adela Grotegut....................1,000
>        Herbert Schuette..................1,000"

The three sheets of notes were first received in evidence subject to objection, and later the trial court ruled that they were inadmissible.

In view of this evidence, there does not seem to be much doubt but that the testatrix intended the six children of Edwin Schuette to receive but $1,000 and not $6,000 under clause Fifth.

Because the trial court was in error in holding that there was no ambiguity with respect to clause Fifth, the judgment should be reversed, and the cause remanded with directions to admit the testimony of Attorney Smith, and the notes of testatrix's directions from which he dictated the will; and, upon all the evidence in the matter, to make a finding of fact as to testatrix's intention as to the amount the children of Edwin Schuette are to take under clause Fifth.

I am authorized to state that Mr. Justice FAIRCHILD joins in this dissenting opinion.