Helen M. BERRYMAN et al., Appellants,

v.

The RIGGS NATIONAL BANK OF
WASHINGTON, D. C., Appellee.

No. 21609.

United States Court of Appeals
District of Columbia Circuit.

Argued May 17, 1968.

Decided July 19, 1968.

Mr. John Lewis Kelly, Washington, D.C., with whom Mr. Stanley A. Racoosin, Washington, D.C., was on the brief, for appellants.

Mr. Coleman L. Diamond, Washington, D.C., with whom Mr. Graham C. Huston, Washington, D.C., was on the brief, for appellee.

Before EDGERTON, Senior Circuit Judge, and LEVENTHAL and ROBINSON, Circuit Judges.

PER CURIAM:

Upon the death of Mrs. Leila M. Weaver (the testatrix), Riggs National Bank, the named alternate executor,[1] petitioned the court for probate of her will and for letters testamentary. The appellants, legatees under the will, filed a complaint in opposition to the granting of letters testamentary to the Bank, alleging certain conflicts of interest arising from the Bank's administration of the estate of testatrix' predeceased husband, Rufus M. Weaver.

This appeal is from an order granting appellee Bank's motion for judgment on the pleadings and an order denying appellants' subsequent motion to leave to file an amended complaint. We affirm.

The case raises for the first time a question of the interpretation of certain

---

1. The appointed executor predeceased the testatrix.

sections of the District of Columbia Code.[2]

The D.C.Code provides in § 20–301: "When a will or codicil respecting real or personal property has been authenticated and admitted to probate, letters testamentary on the will or codicil shall be issued to the executor named therein, if he: (1) is legally competent and will accept the trust."

Section 20–351 states: "Competency to serve as executor or administrator; determination. (a) Letters testamentary or of administration may not be granted to a person who: (1) has been convicted of an infamous offense; or (2) is an insane person, as defined by section 21–501; or (3) under conservatorship as defined in section 21–1501; or (4) is under 18 years of age or (5) is an alien. (b) The Probate Court shall determine all questions as to the disqualification, on any of the grounds specified by subsection (a) of this section, of persons claiming to be entitled to letters testamentary or of administration * *."

■■■ Appellants assert that appellee Bank is not "legally competent" because of the alleged conflict of interest and thus does not qualify for letters testamentary. It is our view that the Probate Court may refuse letters testamentary only to nominated executors who are expressly disqualified by § 20–351 and that compliance with this section, captioned "Competency to serve as executor," is what is contemplated by the term "legally competent" as used in § 20–301.

■ It is a basic principle of probate law that a court should effectuate the wish of a testator as expressed in a valid will unless it is contrary to law. A holding that the requirement that a nominated executor be "legally competent" gives the Probate Court discretion to withhold appointment on other than express statutory grounds, would violate this principle. Furthermore, it would invite litigation at an early stage in the probate procedure—a stage in which the court could only deal with threatened rather than actual wrong-doing.

■■■ We read D.C.Code § 20–301 to require that the testator's choice shall be granted letters testamentary unless he is disqualified under § 20–351. If the nominee after appointment is faithless or takes some wrongful action, an aggrieved beneficiary may bring an action for an accounting, pursue other statutory remedies, or under certain circumstances, secure the executor's removal from office.[3] Removal from office may not be necessary even in case of demonstrated conflict; the executor may be able and willing to renounce the conflicting position, or to propose another prophylactic measure.

Appellants' proposed amended complaint merely reiterated their basic position that one whose interest is arguably in conflict with that of the estate is not "legally competent" to serve as executor. The trial judge properly denied their motion for leave to file it.

Affirmed.

2. Both parties have cited cases from other jurisdictions dealing generally with the problem raised in this appeal. However, the qualifying and defining statutory language varies so greatly from state to state that these cases are of little value as precedent.

3. *See* D.C.Code §§ 20–303, 20–356, 20–357, 20–1102, 20–1504, 20–1703.