424 F.2d 928
 In re ESTATE of Harriet Underwood SYMONDS, Deceased.
Edward Underwood ELAM, Executor
v.
Julia R. LEACH, legatee, Appellant and John J. Toomey, guardian ad litem, for Minor Defendants.
 No. 23147.
 United States Court of Appeals, District of Columbia Circuit.
 Argued January 20, 1970.
 Decided March 6, 1970.
 As Amended March 20, 1970.
 
 Mr. Stuart H. Robeson, Washington, D. C., for appellant.
 Mr. John J. Toomey, Kensington, Md., for appellee, Guardian ad Litem, for Minor Defendants.
 Mr. Alvin O. West, Washington, D. C., entered an appearance for appellee, Estate of Harriet Underwood Symonds, Deceased.
 Before FAHY, Senior Circuit Judge, and TAMM and MacKINNON, Circuit Judges.
 MacKINNON, Circuit Judge:
 
 
 1
 This appeal involves the interpretation of the will of Harriet Underwood Symonds. Decedent was a widow who left no surviving children or grandchildren and who was predeceased by both her parents and her brother and sisters. Her next of kin were nephews and a niece.
 
 
 2
 Her last will and testament directed that all taxes, debts, funeral and probate expenses be paid and that certain specific bequests be made to members of her family and blood and marriage relatives and to the minister of her church, and that the residue of the estate be disposed of as follows:
 
 
 3
 Item VI. All the rest and residue of my estate I direct my executor to sell or otherwise convert to cash and to pay out the proceeds (after deducting all of the above costs and expenses):
 
 
 4
 (a) $10,000 (Ten Thousand Dollars) to the Trustees of the Dumbarton Avenue Methodist Church, Washington, D. C.,
 
 
 5
 (b) Up to Five Hundred Dollars ($500) for a new headstone for the grave of my great grandfather Israel Underwood in the cemetery at Ephrata, New York.
 
 
 6
 (c) An equal subdivision of the remainder, to be paid out as cash bequests, if living at my death:
 
 
 7
 (i) The children (or their estates if they are deceased at my death) of Edward U. Elam, Arthur F. Underwood, Raymond Underwood, Martha Underwood Paull, and Ernest Underwood, these named persons being nephews and a niece. If any one of these children is under 18 years of age at my death, the sum due him (or her) is to be paid out to him (without interest accrued) by my executor when he (or she) arrives at 18 years.
 
 
 8
 (ii) Robert L. Leach
 2407 — 37th St. N.W.
 Washington 7, D.C.
 or his wife if he is dead at time
 of my death.

 (iii) Anne Reed
 4828 Reservoir Road, N.W.
 Washington, 7, D.C.
 
 
 9
 The immediate problem of interpretation[1] involves the provisions of Item VI(c) which directs an "equal subdivision" of the remainder to the "children" of nephews and a niece, to friends (the Leaches) and to a nurse, Anne Reed. Anne Reed and Robert L. Leach predeceased the testatrix but the latter's wife, Julia R. Leach, survives and she claims she is entitled to half of the residue of the estate. If her claim is allowed, fifteen children of nephews and a niece will each receive 3.33% of the residue. The Leach claim is based primarily upon the contention that the phrase "equal subdivision of the remainder," by virtue of the mention of the beneficiaries in three numbered paragraphs, directs an "equal subdivision" of the residue for those mentioned in each paragraph (if any of the Leaches or Anne Reed survived) and does not permit a per capita distribution among all the children and any others equally. Under a per capita distribution each of the sixteen claimants would receive an equal 6.25% of the residue of the estate. The District Court interpreted the will and held that the children and Mrs. Leach were to take equal shares on a per capita basis.
 
 
 10
 The general rule of law is that the intention of the testator is controlling in the interpretation of a will and that such intent is to be determined from the whole will and not from detached paragraphs. Dean v. Tusculum College, 90 U.S.App.D.C. 304, 305, 195 F.2d 796, 797 (1952); Hilton v. Kinsey, 88 U.S.App.D.C. 14, 17, 185 F.2d 885, 888, 23 A.L.R.2d 830 (1950).
 
 
 11
 Appellant's argument here is based primarily upon the use of the word "subdivision" instead of the word "division" and she admits that if the words "equal division" had been used then all the parties named in subparagraph (c) would take equally on a per capita basis. Division is the act of dividing into parts or portions. Subdivide is to further divide (what has already been divided): to divide the parts into more parts. Webster New International Dictionary (3d ed.). If the word "subdivision" in the will is taken as requiring some prior division before the subdivision of the residue of the estate, then such requirement is satisfied by the prior provisions of the will which in effect could be said to direct a "dividing into parts or portions" to pay taxes, expenses of administration, funeral expenses and the two specific bequests, one for $10,000 for the trustees of the Dumbarton Avenue Methodist Church, and the other for $500 for a new headstone for the testatrix' great grandfather before the residue of the estate is divided.
 
 
 12
 In addition there are a number of features of the will which indicate the intent of the testatrix. She appointed a nephew as sole executor of her will and directed him to give away to members of the family and blood marriage relatives and to the minister of the Dumbarton Avenue Methodist Church certain personal items according to his best judgment of her wishes. She made a specific bequest of $500 for a new headstone for the grave of her great grandfather in the cemetery at Ephrata, New York. Then in making provision for the distribution of the residue of her estate she mentioned first the designated grandnephews and grandnieces before she mentioned the Leaches and Anne Reed. She also provided that her bequest of the residue of her estate to the children would go to their estates if they were deceased at her death but with respect to the Leaches and Anne Reed, she directed that the bequest would not survive to their heirs. All this indicates strong ties to her family relations and the refusal to include surviving heirs of the Leaches or Anne Reed as beneficiaries in the event the principal beneficiaries predeceased her, together with the other mentioned features, indicate she had a strong desire to benefit the children and a less strong desire to benefit the Leaches and Anne Reed. She also directed an "equal[2] subdivision" of the remainder.
 
 
 13
 For such light as it might throw upon the intention of the testatrix, we note that the entire inventory of the money and debts due the deceased totaled $38,038.53. The amount in the residue of the estate is not disclosed in the record.
 
 
 14
 The general rule is that where a bequest is made to one or more named persons and to the children of another or others, the persons referred to will take per capita in the absence of anything showing a contrary intention. In re Rauschenplat's Estate, 212 Cal. 33, 297 P. 882, 78 A.L.R. 1380 (1931); In re Larson's Estate, 256 Iowa 1392, 131 N.W.2d 503 (1964); Neil v. Stuart, 102 Kan. 242, 169 P. 1138 (1918); Boston Safe Deposit & Trust Co. v. Doolan, 307 Mass. 233, 29 N.E.2d 844 (1940); Leslie v. Wilder, 228 Mass. 343, 117 N.E. 342 (1917); Burton v. Cahill, 192 N.C. 505, 135 S.E. 332 (1926); Perry v. Brown, 34 R.I. 203, 83 A. 8, 17 (1912); In re Scheffler's Estate, 3 Wis.2d 421, 88 N. W.2d 370 (1958); 4 Page on Wills § 36.19, at 580.[3] Another rule is that when there are two equally probable interpretations of a will, that shall be adopted which prefers the family and kindred to utter strangers. Hilton v. Kinsey, supra, 88 U.S.App.D.C. at 19, 185 F.2d at 890; Sherman v. American Security & Trust Co., 57 App.D.C. 273, 20 F.2d 446 (1927). These are both canons of interpretation, not positive rules of law, and would yield to a contrary intention of the testator. They serve only as aids for determining testamentary intent and are to be followed only so far as they accomplish that purpose. However, in the terms and circumstances of the will we find no indication of any contrary intent on the part of the testatrix. In fact, such indications of her intent as are discernible tend to support the distribution that would result from application of these rules of interpretation.
 
 
 15
 Guided by these principles, and the indications of intent disclosed by the four corners of the will, we are of opinion that the testatrix intended by her will that the children of her designated nephews and niece and Julia R. Leach should share the residue of the estate equally on a per capita basis.
 
 
 16
 After coming to this conclusion, we note that the trial court at the hearing admitted an affidavit of the executor (the scrivener of the will) which recited certain facts related to the intention of the testatrix. Because this was filed apparently without prior notice to Leach's counsel, we consider it to be incompetent, and we have not relied upon it in any way.
 
 
 17
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 The United States District Court for the District of Columbia has probate court jurisdiction. D.C.Code § 11-522, 77 Stat. 482, based on the Act of February 27, 1801, ch. 15, § 12, 2 Stat. 107. The Maryland law of wills and probate, as existing on February 27, 1801, is the law of the District of Columbia, except as since altered by Congress. Campbell v. Porter, 162 U.S. 478, 482, 16 S.Ct. 871, 40 L.Ed. 1044 (1896); Pascucci v. Alsop, 79 U.S.App.D.C. 354, 147 F.2d 880 (1945); Clawans v. Sheetz, 67 App.D.C. 366, 368, 92 F.2d 517, 519 (1937)
 
 
 [2]
 "A direction for an equal distribution, or a distribution, share and share alike, seems, in some courts, to strengthen the inference that a per capita distribution was intended." 4 Page on wills § 36.19, at 579 (1961)
 
 
 [3]
 [Referring to gifts to named individuals and a class] A direction for a distribution "equally," "share and share alike," and so on, is held, by some courts, to show an intention to divide equally between the individuals and the class, taken as a unit. 4 Page on Wills § 36.19, at 580 (1961)