In re ESTATE of Lois GLOVER, Deceased.

Mary GLOVER and Alice Glover, Appellants,

v.

Harry TAYLOR et al.

No. 71–1074.

United States Court of Appeals, District of Columbia Circuit.

April 27, 1972.

Before WRIGHT, TAMM and WILK-EY, Circuit Judges.

TAMM, Circuit Judge:

We are asked to decide whether § 45–201 of the District of Columbia Code,[1] applies to the construction of the will of Lois Glover, deceased, and whether this will created a fee simple estate or merely a life estate in Mary and Alice Glover.[2] We find that the statutory provision in question does apply and that testatrix has created only a life estate in appellants.

This is an action for a will construction which has been brought by Mary and Alice Glover (hereinafter "appellants"). A cross-petition for construction was filed by Joseph Glover, son of the testatrix and father of the minor children, testatrix's grandchildren, who also claim to hold a fee simple subsequent to the prevailing life estate. The District Court appointed a *guardian ad litem* to represent the interests of the minor children. Judge Gasch heard oral argument on the cross-motions for summary judgment and ruled that Joseph Glover's minor children were bequeathed and devised title to the real estate in fee simple.

The sections of the will in dispute are items four and five. They read as follows:

ITEM IV: I give, bequeath and devise unto MARY GLOVER, ALICE GLOVER and DOROTHY GLOVER as joint tenants with rights of survivorship all of my right, title and interest in my residence at 5618 Nevada Avenue, Washington, D.C., (subject to any indebtedness that may be due on said residence at the time of my demise) with sufficient furnishings for pleasant living for their use during their lifetime according to the wisdom

Mr. Joseph G. Hitselberger, Arlington, Va., was on the brief for appellants.

Mr. Harry E. Taylor, Jr., Washington, D. C., adopted portions of appellants' brief, for appellees.

1. § *45–201. Words of inheritance unnecessary.*

No words of inheritance shall be necessary in a deed or will to create a fee simple estate; but every conveyance or devise of real estate shall be construed and held to pass a fee simple estate or other entire estate of the grantor or testator, unless a contrary intention shall appear by express terms or be necessarily implied therein.

2. Although sharing a common family name with the testatrix, Mary and Alice Glover were in no way related to decedent.

of my Executors[3] in conformance with my known desires. It is my desire and hope that this residence will be kept intact and will continue to be used as a home for those who have served me.

ITEM V: MARY, ALICE and DOROTHY GLOVER have willed that at their demise, or at their desire, the residue of my estate shall go to my grandchildren by my son JOSEPH GLOVER: two thirds to his firstborn —my namesake JANICE LOIS GLOVER—and the other third to be divided equally among the remaining children of JOSEPH GLOVER. If there are no other children of JOSEPH GLOVER, then my entire remaining estate shall go to JANICE LOIS GLOVER when she is of legal age, with JOSEPH GLOVER as guardian until she be of legal age.

Dorothy Glover gave a quitclaim deed to Mary and Alice Glover prior to the commencement of this action.[4]

■ Appellants contend that the opinion rendered by the District Court disregarded D.C.Code section 45–201 which is set out in footnote one. They assert that "[t]he court's ruling made no mention of the applicability of the Statute 45–201 of the D.C.Code . . . ." (Br. for Appellant at 4.) There is no question in our minds as to the applicability of the statute in this case. It is clearly applicable, however, this finding does not vest fee simple title in Mary and Alice Glover. The court must now determine whether appellants

were indeed devised a fee simple estate or whether there was a contrary intention on the part of the testatrix.

■ Of all of the cardinal principles of will construction the foremost is that the intent of the testator must reign supreme.

> It is a basic principle of probate law that a court should effectuate the wish of a testator as expressed in a valid will unless it is contrary to the law.

Berryman v. Riggs National Bank of Washington, D. C., 131 U.S.App.D.C. 42, 43, 401 F.2d 993, 994 (1968). Similarly, in Stone v. Stokes, 82 U.S.App.D.C. 299, 303, 163 F.2d 704, 708 (1947), *quoting*, Covenhoven v. Shuler, 2 Paige, N.Y., 122, 130, 21 Am.Dec. 73, we stated that:

> ". . . The great and leading principle in the construction of wills is that the intention of the testator, if not inconsistent with the rules of law, shall govern, and that intent must be ascertained from the whole will taken together, and no part thereof to which meaning and operation can be given, consistent with the general intention of the testator, shall be rejected. . . . When the words of one part of a will are capable of a twofold construction, that should be adopted which is most consistent with the intention of the testator, as ascertained by other provisions in the will; and when the intention of the testator is incorrectly expressed, the court will effectuate it by supplying the proper words."[5]

---

3. Lois Glover named her son Joseph Glover along with Mary and Alice Glover as the co-executors of her estate.

4. It is also noted that Mary and Alice Glover made most of the mortgage payments on premises at 5618 Nevada Avenue, N.W., while Lois Glover was still alive. In addition, Columbia Real Estate Title Insurance Company gave an opinion on August 16, 1966, that title was "good according to the record, in fee simple, in Mary Glover, Alice Glover and Dorothy Glover, Joint Tenants devisers under the Last Will and Testament of Lois Glover, deceased . . . ." Need-

less to say, this court is in no way bound by the Columbia Real Estate opinion.

5. *Accord*, Smith v. Bell, 31 U.S. (6 Pet.) 68, 74, 8 L.Ed. 322 (1832) ; Riggs National Bank of Washington, D.C. v. Summerlin, 144 U.S.App.D.C. 131, 135, 445 F. 2d 201, 205, cert. denied sub nom. Kelchner v. Summerlin, 404 U.S. 851, 92 S.Ct. 91, 30 L.Ed.2d 91 (1971) ; In re Estate of Symonds, 138 U.S.App.D.C. 15, 17, 424 F.2d 928, 930 (1970) ; Hall v. Killingsworth, 102 U.S.App.D.C. 307, 308, 253 F.2d 43, 44 (1958) ; Brinker v. Humphries, 90 U.S.App.D.C. 180, 182, 194 F.2d 350, 352 (1952) ; Hilton v. Kinsey, 88

Thus we are left to determine the intent of our testatrix. Despite the large number of will construction cases which we have to look to for guidance each such case is difficult to decide. The difficulty comes from the task of determining testatrix's intent. Courts use the words "testator's intent" as if they were some sort of mystical incantation; yet all too frequently the words have gone undefined. In 1950 Judge Prettyman defined "testator's intent" in the following terms:

> It has been recited times without number that the first and conclusive rule in construing a will is to ascertain the intent of the testator. But in the reported cases from the earliest times the application of the rule has been surrounded with almost incredible fog. The rule is a mandate of the most practical sort. It concerns the mind of the testator, whoever he may have been, and means that the court is to find out what the testator meant to do with his property. Too frequently "the intent of the testator" is treated as a legal abstraction, or as the deduction most agreeable to trained legal minds. It is neither. The intent of a testator is what the testator had in mind.

Baker v. National Savings and Trust Co., 86 U.S.App.D.C. 161, 162, 181 F.2d 273, 274 (1950). Determining just what the testator had in mind is still perplexing. There are no hard core rules to follow [6] and disposition of similar cases is not always helpful.[7] Similarly, resorting to the fixed rules of the Restatement of Property relating to construction [8] is of questionable value.

A reading of Lois Glover's will is not totally satisfactory in determining testatrix's intent. It is not clear, on the face of the will, as to whether testatrix intended to leave appellants a fee simple or merely a life estate with a fee simple estate being granted to the testatrix's grandchildren at the expiration of the life estate. In reading ITEM IV of the will alone, it does appear that appellants were either devised a fee simple or perhaps a life estate.[9] However, when one reads the entire will, as an entity, it appears that testatrix intended only to provide appellants a life estate with the fee simple going to her grandchildren. This is the only interpretation which we can reach after considering all of the terms of the will. "We find the evidence of the testatrix's intent within the four corners of the document, as illuminated by the circumstances . . . ."

U.S.App.D.C. 14, 17, 185 F.2d 885, 888 (1950) ; Pyne v. Pyne, 81 U.S.App.D.C. 11, 14, 154 F.2d 297, 300 (1946) ; Board of Directors of City Trusts v. Maloney, 78 U.S.App.D.C. 371, 373, 141 F.2d 275, 277, cert. denied, 323 U.S. 714, 65 S.Ct. 40, 89 L.Ed. 574 (1944) ; Evans v. Ockershausen, 69 App.D.C. 285, 290, 100 F.2d 695, 700 (1938), cert. denied sub nom., Smith v. Ockerhausen, 306 U.S. 633, 59 S.Ct. 462, 83 L.Ed. 1034 (1939) ; Walker v. Thomas, 64 App.D.C. 148, 149–150, 75 F.2d 667, 668–669 (1935).

6. "In determining the intent of the testator, little aid is derived from a resort to formal rules or a consideration of judicial determinations in other cases apparently similar." Baldwin v. National Savings and Trust Co., 65 App.D.C. 174, 176, 81 F.2d 901, 903 (1936).

7. [B]ecause the basic problem is to determine intent, one case will rarely serve as complete precedent for another. The principle of *stare decisis* is helpful in this field as a guide to analysis, rather than as a barrier to it. The doctrine laid down in the cases are ancillary to the guiding rule—that the testator's intent governs. Such doctrines must serve as the testator's handmaiden, not his scourge.
Brinker v. Humphries, *supra*, note 5, 90 U.S.App.D.C. at 182–183, 194 F.2d at 352–353. *See also*, Halbach, Stare Decisis and Rules of Construction in Wills and Trusts, 52 Calif.L.Rev. 921 (1964).

8. Restatement of Property, § 241 et seq. (1940).

9. It is unclear as to whether testatrix granted the appellants a fee simple in the residence and a life estate in the furnishings or a life estate in the residence and furnishings with the fee simple estate in the residence going to the grandchildren.

Riggs National Bank of Washington, D. C. v. Summerlin, 144 U.S.App.D.C. 131, 135, 445 F.2d 201, 205, cert. denied sub nom. Kelchner v. Summerlin, 404 U.S. 851, 92 S.Ct. 91, 30 L.Ed.2d 91 (1971).

■ One further point leads us to our conclusion today. It is axiomatic that

"It may be safely laid down that of two equally probable interpretations of a will, that shall be adopted which prefers the family and kindred of the testator to utter strangers."

Hilton v. Kinsey, 88 U.S.App.D.C. 14, 19, 185 F.2d 885, 890 (1950), *quoting,* Schouler, Wills § 479 (5th ed.). *See also* In re Estate of Symonds, 138 U.S. App.D.C. 15, 18, 424 F.2d 928, 931 (1970); Loughran v. Newlon, 75 U.S. App.D.C. 181, 182, 126 F.2d 217, 218 (1942); Allen v. Reed, 57 App.D.C. 78, 80, 17 F.2d 666, 668 (1927); In re Robins' Estate, 38 F.Supp. 468, 471 (D.D. C.1941). As we stated in Sherman v. American Security and Trust Co., 57 App.D.C. 273, 275, 20 F.2d 446, 448 (1927):

It is unnecessary to dwell upon the elementary principles pertinent to the construction of wills, further than to suggest that, if the present case were sufficiently close to invade the realm of doubt, it would be the duty of the court to resolve the doubt in favor of the kindred of the testator rather than the college.

In Hall v. Killingsworth, 102 U.S. App.D.C. 307, 308, 253 F.2d 43, 44 (1958) we examined the chore of constructing a will and stated that

[n]o task falling to a court, trial or appellate, is more perplexing or productive of less satisfying consequences than that of attempting to construe inartfully drawn wills; but few tasks impose on courts a greater obligation to do all in their power to discern the intent of the testator.

This observation remains the case to this day and it is safe to speculate that this state of affairs is not likely to change in the future. It is, of course, impossible for the reviewing court to ascertain whether it fully does justice to a testatrix's intent; we cannot know the innermost workings of any person's mind. The court can do no more than attempt to determine what it is that testatrix would have done to dispose of her property had she known of the inconsistencies in her Last Will and Testament. Home drawn documents of any nature create a substantial risk of falling short of their designed goals. Testatrix in the case at bar, by following a legalistic formula without proper legal advice, has caused the current dilemma of the court and of the objects of her bounty solely by her not so wise do-it-yourself technique.

The judgment of the District Court is affirmed.